# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| GALILEA, LLC and TAUNIA KITTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>PANTAENIUS AMERICA LIMITED, ANDREA M. GIACOMAZZA, AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and TORUS INSURANCE COMPANY,<br><br>Defendants. | 1:18-CV-00131-SPW-TJC<br><br>**PLAINIFFS' OPPOSITION TO INSURERS' MOTIONS** |

COME NOW Plaintiffs Galilea LLC and Taunia Kittler and oppose the Insurer Defendants' Motion to Dismiss, Motion to Compel Arbitration and/or Stay the Action (D.I. 2) as follows:

Defendants AGCS Marine Insurance Company, Liberty Mutual Insurance Company and Torus Insurance Company (the "Insurer Defendants") filed a motion seeking various forms of relief. The Insurer Defendants' motion to transfer venue from the Butte Division to the Billings Division was unopposed and has been granted. Remaining at issue are the Insurer Defendants' motions to dismiss,

compel arbitration and/or stay the present case. Each of the Insurer Defendants' motions should be denied.

Taunia Kittler is the only Plaintiff asserting any claims against the Insurer Defendants. The Insurer Defendants' motion to dismiss should be denied because Mrs. Kittler has standing to assert her claims against the Insurer Defendants. The Insurer Defendants' motion to compel arbitration should be denied because Mrs. Kittler never agreed to any arbitration provision with the Insurer Defendants. Finally, the Insurer Defendants' motion to stay the proceedings should be denied because the present action does not overlap with the pending arbitration proceeding between Galilea LLC and the Insurer Defendants. The present case involves different claims and different parties and should be heard independently of the pending arbitration.

## FACTS

For purposes of opposing the Insurer Defendants' motions, there are only a few undisputed facts which need to be addressed. First, Galilea LLC has not asserted any claims against the Insurer Defendants (AGCS Marine Insurance Company, Liberty Mutual Insurance Company and Torus Insurance Company). It is correct that both Galilea LLC and Taunia Kittler assert claims against the Broker Defendants (Pantaenius America Ltd. and Andrea M. Giacomazza). (*See* Complaint, D.I. 1, Counts I-VII). It is also correct that Plaintiff Taunia Kittler

asserts claims against the Insurer Defendants. (*See* Complaint, D.I. 1, Counts VIII-XIV). But there are no claims in this action asserted by Plaintiff Galilea LLC against any of the Insurer Defendants.

Second, Taunia Kittler has never entered into any agreement with the Insurer Defendants. Accordingly, Mrs. Kittler's claims against the Insurer Defendants are not bound by any contractual choice of law provisions, are not bound by any contractual venue provisions, and are certainly not bound by any contractual arbitration agreement. Specifically, there exists no "written provision in any maritime transaction or a contract evidencing a transaction involving commerce" between the Insurer Defendants and Taunia Kittler "to settle by arbitration a controversy thereafter arising out of such contract or transaction." 9 U.S.C. § 2 (Federal Arbitration Act).

Finally, the Insurer Defendants are incorrect when they argue that Mr. Kittler has somehow recognized that his claims against the Insurer Defendants must be arbitrated. Mr. Kittler has chosen to pursue his claims against the Insurer Defendants in arbitration, but he was not obligated to do so any more than Mrs. Kittler is now so obligated.

## THE MOTION TO COMPEL ARBITRATION SHOULD BE DENIED

The Insurer Defendants first seek to compel arbitration of Mrs. Kittler's claims under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. The problem with their

argument is there exists no written agreement of any kind between the Insurer Defendants and Mrs. Kittler, much less an agreement that would require Mrs. Kittler to arbitrate her claims. The Insurer Defendants concede this crucial fact. Compelling arbitration is a matter of contract, and Mrs. Kittler simply cannot be compelled to arbitrate her claims since she has never previously agreed to do so. *Tracer Research Corp. v. National Envirnomental Services Co.*, 42 F.3d 1292 (9th Cir. 1994)("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). "Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro,* 652 F.3d 982, 986 (9th Cir. 2011). Generally, the contractual right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.,* 4 F.3d 742, 744 (9th Cir.1993). Accordingly, "[t]he strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement." *Comedy Club, Inc. v. Improv W. Assocs.,* 553 F.3d 1277, 1287 (9th Cir.2009). The existence of an agreement to arbitrate is a "threshold question" when considering whether to compel arbitration. *Van Ness Townhomes v. Mar Industries Corp.*, 862 F.2d 754, 756 ("When we are asked to compel arbitration of a dispute, our threshold inquiry

4

is whether the parties agreed to arbitrate."). The Insurer Defendants here cannot cross this threshold.

Acknowledging that Mrs. Kittler has signed no arbitration agreement, the Insurer Defendants attempt to rely on the arbitration provision of the insurance policy issued to Galilea LLC. (*See* D.I. 7-4 at 9, ¶ A11 (the "Policy")). There, the parties to the insurance policy agree to resolve disputes arising under the policy using binding arbitration. *Id*. But Mrs. Kittler is not a party to the Policy. In fact, the Policy itself states that it is "a legal contract between the 'named insured' set forth on the declaration sheets and the insurance company or companies identified and disclosed in the policy." (*See* Policy, D.I. 7-4 at 5, ¶ A1). The "named insured" on the declaration sheet is Galilea LLC. (*See* D.I. 7-4 at 2). The insurance companies named in the policy are each of the Insurer Defendants. (See D.I. 7-4 at 14, "Issuing Insurance Companies"). Accordingly, the parties to the Policy are clearly identified therein as Galilea LLC and the Insurer Defendants. Importantly, although beneficial owners like Mrs. Kittler are defined as the "Inured" under the policy (at ¶ A3(a)), only the "named insured" is identified as a party to the agreement itself.  Mrs. Kittler is clearly not a party to the Policy. The policy cannot, therefore, require arbitration of any of Mrs. Kittler's claims. Furthermore, even if the arbitration provision of the Policy could bind Mrs. Kittler, by its own terms it does not purport to do so. That provision is completely silent as to claims

brought by anyone other than the parties to the Policy, and says nothing about arbitrating claims made by Insureds other than the named insured.

A New York case involving all of the Insurer Defendants is instructive. The case of *AGCS Marine Ins. Co., et al. v. Hymel Associates, LLC and Joseph C. Hymel* involved the same form insurance policy and the same arbitration provision as this case. 1:16-CV-6899-GHW at *2, *11 (S.D.N.Y. June 22, 2017). There, as here, the boat in question was owned by an LLC (Hymel & Associates LLC), while the beneficial owner (Mr. J.C. Hymel) was pursuing claims as a named insured under the policy. *Id*. at 1. There, the beneficial owner signed the insurance application but the LLC did not. *Id*. at 7. The court found that the beneficial owner could be compelled to arbitrate his claims because he had entered a written agreement to do so. The LLC, on the other hand, did not enter any such agreement and therefore could not be compelled to arbitrate its claims. *Id*. at 6. This Court should reach the same result. Galilea LLC may have entered an arbitration agreement but Mrs. Kittler did not. Mrs. Kittler cannot be required to arbitrate her claims against the Insurer Defendants.

Defendants are correct that, in the Second Circuit and the Ninth Circuit, under certain limited circumstances "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185 (9th Cir. 1986); *Merrill Lynch*

*Inv. Mgrs. V. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003)("Absent an express agreement to arbitrate, [the Second Circuit] has recognized only limited theories upon which it is willing to enforce an arbitration agreement against a nonsignatory."). The court in *Hymel* considered these 'limited theories' for binding nonsignatories and found they did not apply. *Hymel* at *7. First, the *Hymel* court found that, as here, "the text of the arbitration provision does not by its terms mandate that an insured that is not a party to the agreement must arbitrate." *Id*. Instead, as here, that provision "requires, instead, that the parties to the agreement ("the parties hereto") submit to arbitration." *Id*. Accordingly, the Hymel court found "no textual support for [the Insurer Defendants'] argument." *Id*. at *8. The language of the arbitration provision in the Policy at issue here is identical to the arbitration agreement at issue in *Hymel*. This Court should reach the same conclusion, and hold that even if the arbitration provision of the Policy could bind nonsignatory Insureds such as Mrs. Kittler, by its own terms that provision does not purport to do so.

    The *Hymel* court went on to reject the Insurer Defendants' agency and contract arguments, finding no evidence that the individual had acted as agent of the LLC. *Hymel* at 9-10.  Similarly here, there is no evidence that Galilea LLC was acting as Mrs. Kittler's agent when it agreed to the Policy. As the *Hymel* court correctly found, "[a]n individual or entity's status as the beneficiary to an

7

insurance contract is not among the available theories" for binding nonsignatories to arbitration agreements. *Hymel* at *8. Mrs. Kittler thus cannot be bound to arbitrate her claims simply because she is identified as an Insured in the Policy.

The Insurer Defendants argue incorrectly that the Second Circuit will bind nonsignatories to an arbitration provision under some circumstances on an estoppel theory. But the Insurer Defendants have it backwards. It is true that a nonsignatory may under some circumstances be able to force arbitration with a signatory on an estoppel theory, but "because arbitration is guided by contract principles, the reverse is not also true: a signatory may not estop a nonsignatory from avoiding arbitration regardless of how closely affiliated that nonsignatory is with another signing party." *Mag Portfolio Consultant v. Merlin Biomed Group*, 286 F.3d 58, 62 (2d Cir. 2001); *see also McKenna Long & Aldridge, LLP v. Ironshore Specialty Ins. Co.*, 14-CV-6633 (KBF)(S.D.N.Y. Jan. 12, 2015)(same). The Ninth Circuit has cited this line of Second Circuit cases approvingly, and declined to "extend the concept of equitable estoppel of third parties in an arbitration context beyond the very narrow confines delineated in these two lines of cases." *Mundi v. Union Sec. Life Ins. Co.*, 555 F3.d 1042, 1046 (9th Cir. 2009). Accordingly, the signatory Insurer Defendants cannot estop nonsignatory Mrs. Kittler from avoiding arbitration. The Insurer Defendants' motion to compel arbitration should be denied.

## **THE MOTION TO DISMISS SHOULD BE DENIED**

The Insurer Defendants' next argue that Mrs. Kittler's claims should be dismissed for lack of standing because, they allege, Mrs. Kittler has not suffered a loss. Their argument ignores the fact that Mrs. Kittler, as a beneficial owner of the Galilea, is named as an insured under the Policy. Further, the Policy "covers the insured against all accidental risks of physical loss or damage to the inured property caused by an occurrence." D.I. 7-4 at 9, ¶ B1. Accordingly, the Policy expressly provides insurance coverage to Mrs. Kittler in the event of loss or damage to the insured property. The Insurer Defendants wrote the terms of the Policy, and those clear terms provide coverage to Mrs. Kittler in the event the insured property Galilea was damaged, as undisputedly happened here.

Although Galilea LLC was organized under the laws of Nevada, the Insurer Defendants cite no Nevada case law to support their motion to dismiss. Instead, they rely only on a case from the District of Louisiana which relied heavily on unique Louisiana law prohibiting members from holding any interest in LLC property, law which is obviously not applicable here. *Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 637 (E.D. La. 2010). That case simply has no bearing on the present dispute. There is nothing in Nevada law that would preclude Mrs. Kittler from bringing any of her claims against the Insurer Defendants, and those claims should not be dismissed.

The Insurer Defendants next make a series of scattershot arguments seeking to dismiss each of Mrs. Kittler's individual claims. They argue Count VIII for declaratory relief should be dismissed because it relies on Montana law, which the Insurers argue is inapplicable because the Policy is governed by federal maritime law. But the Ninth Circuit decision to that effect was based on Galilea's acceptance of the choice of law provision in the Policy, which – again – Mrs. Kittler never agreed to. Further, even if Montana law were not applicable to Mrs. Kittler's claims, declaratory relief would still be appropriate under federal law. The Insurer Defendants next argue Count IX for breach of contract should be dismissed because the contract does not cover the loss. But the coverage of the Policy is precisely the issue in dispute, a dispute which cannot be resolved at the motion to dismiss stage. For example, the navigational limits provision states that coverage is available outside navigational limits under certain circumstances, circumstances which Mrs. Kittler believes apply here. The Insurer Defendants next argue Count X for promissory estoppel and Count XI for equitable estoppel should both be dismissed as duplicative of Count IX for breach of contract. But these counts are offered in the alternative – if the Policy covers the loss, the Insurer Defendants are breaching by failing to pay the claim as stated in Count IX. If the Policy does not cover the loss, the Insurer Defendants are liable because they and their agents promised to provide coverage and failed to do so (Count X) and should be

estopped from denying coverage (Count XI). The Insurer Defendants next argue Count XII for breach of fiduciar should be dismissed because, under New York law, the Insurer Defendants do not owe Mrs. Kittler any fiduciary duty. Mrs. Kittler never agreed to any New York choice of law provision, and has brought her claims in the District of Montana. New York law is simply not relevant to Mrs. Kittler's claims. The Insurer Defendants next argue Count XIII for negligent misrepresentation should be dismissed because it is duplicative of the claim for breach of contract. Again, however, these claims are not duplicative but are rather stated in the alternative. If the Policy covers the loss, the Insurer Defendants are breaching by not paying the claim. If the Policy does not cover the loss, the Insurer Defendants are liable for negligently misrepresenting that Galilea was covered. Finally, the Insurer Defendants argue that Count XIV for Constructive Fraud should be dismissed "because these are merely breach of contract allegations." Like Counts IX, X, XI and XIII, Count XIV is stated in the alternative. Again, if the Policy covers the loss, the Insurer Defendants are in breach. If it does not, they are liable for constructive fraud. None of these claims should be dismissed.

## THE MOTION TO STAY SHOULD BE DENIED

Finally, the Insurer Defendants seek to stay Mrs. Kittler's claims pending the outcome of the ongoing arbitration between Galilea LLC and the Insurer Defendants. There is no reason to stay this case. The pending arbitration involves

claims between the Insurer Defendants and Galilea LLC. This action involves no such claims. On the contrary, the present action involves claims by Galilea LLC and Mrs. Kittler against the Broker Defendants, and claims by Mrs. Kittler against the Insurer Defendants. None of these claims overlap with the claims pending in arbitration, and this case should not be stayed.

DATED this 21st day of September, 2018.

/s/ Mark E. Anderson
Mark E. Anderson
Montana Bar No. 4371
MARK ANDERSON ATTORNEY AT LAW PLLC
151 Thomas Street
Hamilton, MT 59840
Telephone: (406) 546-1771
markandersonattorneyatlawpllc@gmail.com

*Attorney for Plaintiffs*