# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| GALILEA, LLC and TAUNIA KITTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>PANTAENIUS AMERICA LIMITED, ANDREA M. GIACOMAZZA, AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and TORUS INSURANCE COMPANY,<br><br>Defendants. | 1:18-CV-00131-SPW-TJC<br><br>**PLAINIFFS' OPPOSITION TO PANTAENIUS' MOTIONS** |

COME NOW Plaintiffs Galilea LLC and Taunia Kittler and oppose Pantaenius America Ltd.'s ("Pantaenius") Motion to Dismiss, Motion to Compel Arbitration and/or Stay the Action (D.I. 6) as follows:

Pantaenius filed a motion seeking various forms of relief. Its motion to transfer venue from the Butte Division to the Billings Division was unopposed and has been granted. Remaining at issue are Pantaenius' motions to dismiss, compel arbitration and/or stay the present case. Each of these motions should be denied.

## THE MOTION TO COMPEL ARBITRATION SHOULD BE DENIED

Pantaenius first seeks to compel arbitration of both Galilea LLC's and Mrs. Kittler's claims under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. But Pantaenius has grossly misrepresented the Ninth Circuit's ruling in case no. 1:15-CV-00084-SPW. There, the Ninth Circuit held that the arbitration provision of the Policy was enforceable, but expressly held that the arbitration provision contained in the insurance application was NOT enforceable. *Galilea LLC v. AGCS Marine Ins. Co., et al.*, 879 F.3d 1052, 1056 (9th Cir. 2018)("The insurance application is not a contract."). Incredibly, Pantaenius now attempts to rely solely on the insurance application to compel arbitration, even though the Ninth Circuit has already agreed with Galilea that the insurance application does not evidence mutual assent and has expressly held that the insurance application is "not a contract." The Court simply cannot compel arbitration based on an insurance application that the Ninth Circuit has already held "is not a contract," and further held that "the federal law of arbitrability cannot apply to its arbitration clause." *Id*. at 1057. Pantaenius' attempts to mislead the Court on this point should not prevail.

Pantaenius wisely does not even attempt to compel arbitration based on the Policy, since Pantaenius is not a party to the Policy and Plaintiffs claims against Pantaenius do not rely on the Policy. Instead, Pantaneius' motion to compel

2

arbitration is based entirely on the insurance application, a position which the Ninth Circuit has already explicitly rejected.

Further, with respect to Mrs. Kittler's claims, Pantaenius cannot compel arbitration of those claims because Mrs. Kittler never agreed to arbitrate those claims. Nor is Mrs. Kittler estopped from avoiding arbitration because she never received any 'direct benefit' from the arbitration provision of the insurance application. Pantaenius does not even attempt to explain what benefit Mrs. Kittler supposedly received, because there was none. Compelling arbitration is a matter of contract, and Mrs. Kittler simply cannot be compelled to arbitrate her claims against Pantaenius since she has never previously agreed to do so. *Tracer Research Corp. v. National Envirnomental Services Co.*, 42 F.3d 1292 (9th Cir. 1994)("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). "Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro,* 652 F.3d 982, 986 (9th Cir. 2011). Generally, the contractual right to compel arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration." *Britton v. Co-op Banking Grp.,* 4 F.3d 742, 744 (9th Cir.1993). Accordingly, "[t]he strong public policy in favor of arbitration does not extend to

those who are not parties to an arbitration agreement." *Comedy Club, Inc. v. Improv W. Assocs.,* 553 F.3d 1277, 1287 (9th Cir.2009). The existence of an agreement to arbitrate is a "threshold question" when considering whether to compel arbitration. *Van Ness Townhomes v. Mar Industries Corp.*, 862 F.2d 754, 756 ("When we are asked to compel arbitration of a dispute, our threshold inquiry is whether the parties agreed to arbitrate."). Pantaenius here cannot cross this threshold.

 Pantaenius argues incorrectly that the Second Circuit will bind nonsignatories to an arbitration provision under some circumstances on an estoppel theory. But the Insurer Defendants have it backwards. It is true that a nonsignatory may under some circumstances be able to force arbitration with a signatory on an estoppel theory, but "because arbitration is guided by contract principles, the reverse is not also true: a signatory may not estop a nonsignatory from avoiding arbitration regardless of how closely affiliated that nonsignatory is with another signing party." *Mag Portfolio Consultant v. Merlin Biomed Group*, 286 F.3d 58, 62 (2d Cir. 2001); *see also McKenna Long & Aldridge, LLP v. Ironshore Specialty Ins. Co.*, 14-CV-6633 (KBF)(S.D.N.Y. Jan. 12, 2015)(same). The Ninth Circuit has cited this line of Second Circuit cases approvingly, and declined to "extend the concept of equitable estoppel of third parties in an arbitration context beyond the very narrow confines delineated in these two lines of cases." *Mundi v. Union Sec.*

*Life Ins. Co.*, 555 F3.d 1042, 1046 (9th Cir. 2009). Accordingly, Pantaenius cannot estop nonsignatory Mrs. Kittler from avoiding arbitration. The motion to compel arbitration should be denied.

## THE MOTION TO DISMISS SHOULD BE DENIED

Pantaenius next argues that Mrs. Kittler's claims should be dismissed for lack of standing because, it argues, Mrs. Kittler has not suffered a loss. Plaintiffs note that this argument obviously does not apply to Galilea's claims against Pantaenius. As to Mrs. Kittler's claims, she has suffered significant damages as a result of Pantaenius' actions, as set forth in Counts I – VII of the Complaint (D.I. 1). That she was a beneficial owner of the sailing vessel Galilea rather than the registered owner does not preclude her from having suffered damages as a result of Pantaenius' misconduct.

Although Galilea LLC was organized under the laws of Nevada, Pantaenius cites no Nevada case law to support its motion to dismiss. Instead, it relies only on a case from the District of Louisiana which relied heavily on unique Louisiana law prohibiting members from holding any interest in LLC property, law which is obviously not applicable here. *Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 637 (E.D. La. 2010). That case simply has no bearing on the present dispute. There is nothing in Nevada law that would preclude Mrs. Kittler from bringing any of her claims against Pantaenius, and her claims should not be dismissed.

Pantaenius next makes a series of scattershot arguments seeking to dismiss each of Mrs. Kittler's individual claims. These arguments go well outside the pleadings and rely on a declaration of Cary Weiner for support. The Court can and should deny the motion to dismiss for inappropriately relying on matters outside the pleadings. Should the Court instead consider this a series of summary judgment motions, they can and should be denied as failing to meet the stringent standard for summary judgment. Plaintiffs further submit that pursuant to Rule 56(d) Plaintiffs cannot adequately respond to the new facts raised in these motions at this time because no discovery has taken place.

Importantly, all of Pantaenius' arguments to dismiss individual counts of Plaintiffs' complaint rely on the choice of law provision set forth in the insurance application. This is the same insurance application that the Ninth Circuit found was "not a contract." The choice of law provision in the insurance application is thus just as unenforceable as the arbitration provision contained therein. Absent that choice of law provision, there is no reason to apply New York law to Plaintiff's claims against Pantaenius.

Pantaenius next argues that Counts III-V and VII should be dismissed as duplicative of the breach of contract claim. But these counts are not duplicative. They all rely on separate and independent duties owed by Pantaenius to Plaintiffs. None of these claims should be dismissed.

## **THE MOTION TO STAY SHOULD BE DENIED**

Finally, Pantaenius seek to stay Plaitniff's claims pending the outcome of an ongoing arbitration between Galilea LLC and the Insurer Defendants. There is no reason to stay any claims against Pantaenius, which is not even a party to the pending arbitration. The pending arbitration involves claims between the Insurer Defendants and Galilea LLC. This action involves no such claims. On the contrary, the present action involves claims by Galilea LLC and Mrs. Kittler against the Broker Defendants, and claims by Mrs. Kittler against the Insurer Defendants. None of the claims against Pantaenius overlap with the claims pending in arbitration, and this case should not be stayed.

DATED this 21st day of September, 2018.

<u>/s/ Mark E. Anderson</u>
Mark E. Anderson
Montana Bar No. 4371
MARK ANDERSON ATTORNEY AT LAW PLLC
151 Thomas Street
Hamilton, MT 59840
Telephone: (406) 546-1771
markandersonattorneyatlawpllc@gmail.com

*Attorney for Plaintiffs*