IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 1 9 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| GALILEA, LLC. And TAUNIA KITTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>PANTAENIUS AMERICA LIMITED, ANDREA M. GIACOMAZZA, AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and TORUS INSURANCE COMPANY,<br><br>Defendants. | CV 18-131-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed February 15, 2019. (Doc. 27). Judge Cavan recommends this Court grant Defendants AGCS Marine Insurance Company, Liberty Mutual Insurance Company, and Torus Insurance Company's ("Insurer Defendants") Motion to Compel Arbitration, Motion to Dismiss and/or Motion to Stay (Doc. 2), grant Defendant Pantaenius America Limited's ("Pantaenius") Motion to Compel Arbitration, Motion to Dismiss, and/or Motion to Stay (Doc. 6) as to Galilea LLC's claims and dismiss Galilea's claims against Pantaenius, deny

1

Pantaenius' Motion to Compel Arbitration (Doc. 6) as to Taunia Kittler's claims, and stay this action pending arbitration between Galilea and Pantaenius.

Plaintiffs filed their objections to Judge Cavan's findings and recommendations. (Doc. 32). As Insurer Defendants pointed out in their response (doc. 36 at 2-3), Plaintiffs objections were filed three days after they were due, in violation of 28 U.S.C § 636(b)(1) and Fed. R. Civ. Pro. 6. Nevertheless, while the failure to object (by failing late objections) waives all objections to the findings of fact, *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999), it does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989). For the reasons discussed below, this Court adopts Judge Cavan's Findings and Recommendations in part and rejects them in part.

I. Discussion

In his findings and recommendations, Judge Cavan determined that Kittler should be compelled to arbitrate of her claims against the Insurer Defendants because she is seeking direct benefits under the insurance policy, and her claims fall within the scope of the policy's arbitration agreement. (Doc. 27 at 11-12). Judge Cavan also determined that Pantaenius can compel Galilea into arbitration because Judge Cavan found that Pantaenius can enforce the terms of the insurance application and that as a named insured on the application, Galilea is bound by the

2

application's arbitration provision. (*Id.* at 14-15). In contrast, Judge Cavan determined that because Pantaenius cannot point to a direct benefit that Kittler is seeking to enforce under the application, she is not bound by the application's arbitration provision. (*Id.* at 15-16). Judge Cavan determined that because Kittler and Galilea's claims are identical, this action should be stayed pending arbitration between Galilea and Pantaenius. (*Id.* at 18).

Kittler moved to amend her complaint to remove Counts VIII and IX. Assuming she is allowed to remove these counts, Plaintiffs assert that Judge Cavan's determination that she must arbitrate her claims no longer applies. Kittler argues she has not received and is not seeking any direct benefit under the policy, so cannot be equitably estopped from denying the obligation to arbitrate under the policy. (Doc. 32 at 2-3). Plaintiffs also assert that under the Ninth Circuits' decision in *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1056 (9th Cir. 2018), the insurance application is not a contract and cannot be used to compel Galilea to arbitrate its claims against Pantaenius. (*Id.* at 5). The Court reviews these issues in order.

### A. Kittler's Claims Against the Insurer Defendants

Kittler has moved to amend her complaint to dismiss Counts VIII and IX so that she can avoid equitable estoppel under the direct benefits theory. (Doc. 32 at 2-3). Notably, Insurer Defendants already moved to dismiss these counts in their

3

Motion to Dismiss before the Court. (Doc. 24 at 6-11). Both parties agree the counts have no merit, and the Court finds that the two counts should be dismissed.

Because he determined that Kittler must arbitrate her claims, Judge Cavan did not address the Insurer Defendants' motion to dismiss arguments as to Kittler's remaining claims. With the dismissal of Counts VIII and IX, however, the basis for Judge Cavan's determination that Kittler must arbitrate under the direct benefits theory is removed. The Court finds it appropriate to recommit this matter to Judge Cavan so he can analyze the remaining arguments in Insurer Defendants' motion to dismiss in the first instance.

### B. The Insurance Application is Not a Contract

Plaintiffs assert that because the Ninth Circuit held that the insurance application is not a contract, it cannot be used to compel Galilea to arbitrate its claims against Pantaenius. Insurer Defendants argue that the Ninth Circuit did not address the question of whether any arbitration agreement applied to claims against Pantaenius, so that decision does not preclude Pantaenius from using the application to compel arbitration. The Court agrees with Plaintiffs.

In *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1056 (9th Cir. 2018), the Ninth Circuit considered whether Galilea's insurance application was "an agreement to which the federal law of arbitrability could apply." *Id.* There, the Insurer Defendants argued that the application's arbitration provision should

4

govern the dispute under the FAA, like Pantaenius asserts in this case. *Id.* at 1057. Galilea argued, as it does here, that the application did not evidence mutual assent to a contract or to arbitration. *Id.* The Ninth Circuit determined that under New York law, made applicable by the policy and the application, the application was not a contract because the application was not attached to the policy at the time of delivery. *Id.* As a result, the Ninth Circuit determined that the federal law of arbitrability could not apply to the application's arbitration clause. *Id.*

The analysis from that case directly applies to this case. Regardless of which party is trying to enforce the application, the Insured Defendants in that case or Pantaenius in this case, the application is not a contractual agreement under New York law, so its arbitration clause is unenforceable. Accordingly, Pantaenius cannot compel Galilea or Kittler to arbitrate under the insurance application provision. The Court sustains Plaintiffs' objection to Judge Cavan's findings and recommendations regarding Galilea on this issue.

## II. Conclusion

For the reasons set forth above, the Court GRANTS Insurer Defendants' Motion to Dismiss as to Counts VIII and IX and DENIES Plaintiffs' Motion to Amend the Complaint (Doc. 33) as moot.

IT is FURTHER ORDERED that Pantaenius' Motion to Compel Arbitration (Doc. 6) is DENIED as to Galilea and Kittler's claims against Pantaenius.

IT IS ALSO ORDERED that Insurer Defendants' Motion to Dismiss (Doc. 2) on Plaintiffs' remaining counts is referred back to Judge Cavan to determine the merit, if any, of the rest of that motion and whether a stay is appropriate in light of that analysis and this Court's Order.

DATED this 19th day of March 2019.

SUSAN P. WATTERS
United States District Judge