FILED
8/26/2019
Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GALILEA, LLC and TAUNIA KITTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>PANTAENIUS AMERICAN LIMITED ANDREA M. GIACOMAZZA, AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and TORUS INSURANCE COMPANY,<br><br>Defendants. | CV 18-131-BLG-SPW-TJC<br><br>**ORDER STAYING CASE** |

Plaintiffs Galilea, LLC ("Galilea") and Taunia Kittler (together "Plaintiffs") brought this action against Defendants Pantaenius America Limited ("Pantaenius") and Andrea M. Giacomazza (together "Broker Defendants"); and Defendants AGCS Marine Insurance Company, Liberty Mutual Insurance Company, and Torus Insurance Company (together "Insurer Defendants"). In the complaint, both Plaintiffs assert seven counts against the Broker Defendants relating to whether they properly procured insurance (Counts I-VII), and Mrs. Kittler brings seven counts individually against the Insurer Defendants relating to the denial of insurance coverage for loss of the sailing yacht *Galilea* (Counts VIII-XIV). (Doc. 1.).

1

## I. BACKGROUND

Galilea is a Nevada limited liability company that was formed by Chris and Taunia Kittler for the purpose of owning their 60-foot sailing yacht, the *Galilea*. (Doc. 1 at ¶ 1.) The Kittlers are Montana residents and are the sole members of Galilea. (*Id.*) The Insurer Defendants are the insurance companies who provided the coverage under the insurance policy at issue in this case. (Doc. 5-4.) Pantaenius specializes in obtaining and administering yacht insurance policies, and acts as an agent for the insurance underwriters. (Doc. 5-4; *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1054 (9th Cir. 2018).) Giacomazza is an employee of Pantaenius. (Doc. 1 at ¶ 4.)

On June 24, 2015, the *Galilea* ran ashore off the coast of Panama, and was deemed a complete loss. (Doc. 1 at ¶¶ 31, 33-34.) Mr. Kittler submitted a claim for insurance coverage the same day. (*Id.* at ¶ 35.) The Insurer Defendants denied coverage on the basis that the accident occurred outside of the cruising area identified in the policy. (*Id.* at ¶ 38.)

After Galilea requested the Insurer Defendants to reconsider the coverage denial, the Insurer Defendants initiated arbitration proceedings in New York. (Doc. 5-1.) In response, Galilea filed an action in this Court against the Insurer Defendants. *See Galilea v. AGCS Marine Ins. Co.*, Case No. 15-cv-84-SPW, Docket No. 1 (D. Mont. August 28, 2015) ("*Galilea I*").

Ultimately, United States District Judge Susan P. Watters granted the Insurer Defendants' motion to compel arbitration in its entirety and dismissed the case. *Galilea I*, Case No. 15-cv-84-SPW, Docket No. 50 (D. Mont. Feb. 9, 2018). Subsequently, on April 23, 2018, Galilea asserted counterclaims in the arbitration proceedings.[1] (Doc. 4-1.) The counterclaims are nearly identical to the claims Galilea had alleged against the Insurer Defendants in *Galilea I*. (*Compare Galilea I*, Case No. 15-cv-84-SPW, Docket No. 1 *with* Doc. 4-1.)

On June 22, 2018, Plaintiffs filed the instant action. (Doc. 1.) Mrs. Kittler's claims against the Insurer Defendants in this case are substantially identical to the counterclaims that Galilea and Mr. Kittler asserted in the arbitration proceedings. (*Compare* Doc. 1 at ¶¶ 82-127 *with* Doc. 4-1 at ¶¶ 46-54, 59-70, 77-81, 85-98.) Plaintiffs also bring claims against the Broker Defendants for the first time. (Doc. 1.) Plaintiffs' claims against the Broker Defendants are based on the same nucleus of facts as the counterclaims in the arbitration proceedings.

On February 15, 2019, the Court issued Findings and Recommendations, recommending that Judge Watters compel Mrs. Kittler to arbitrate her claims against the Insurer Defendants because she was seeking direct benefits under the insurance policy. (Doc. 27.) The Court also recommended that Pantaenius'

---

[1] Mr. Kittler also joined the arbitration as an additional party. (Doc. 4 at ¶¶ 4, 7.)

motion to compel arbitration be granted. (*Id.*) Thereafter, Mrs. Kittler sought to amend the Complaint to remove Counts VIII (declaratory relief) and IX (breach of contract) so that she could avoid arbitration. (Doc. 33.)

On March 19, 2019, Judge Watters issued an order rejecting the undersigned's Findings and Recommendations. (Doc. 38.) Judge Watters granted the Insurer Defendants' Motion to Dismiss as to Counts VIII and IX. (*Id.*) As a result, the basis for the Court's determination that Mrs. Kittler must arbitrate her claims against the Insurer Defendants was removed. Judge Watters also denied Pantaenius' Motion to Compel Arbitration. (*Id.*) Judge Watters then recommitted this matter to the undersigned to determine the merit, if any, of the remainder of the Insurer Defendants' Motion to Dismiss and/or Stay the Action (Doc. 2), and Pantaenius' Motion to Dismiss and/or Stay the Action. (Doc. 6.)

On April 9, 2019, Defendants filed a Notice of Final Arbitration Award with this Court, indicating the arbitration proceedings in New York have concluded. (Doc. 41.) The New York Arbitral Tribunal ruled: 1) all counterclaims made by Galilea and Mr. Kittler under the policy were denied with prejudice; 2) the policy was void *ab initio* due to Galilea and Mr. Kittler's failure to disclose previous *Galilea* insurance claims; and 3) Galilea and Mr. Kittler did not establish by a preponderance of the evidence that they notified the Insurer Defendants of their specific insurance requirements.

(Doc. 41-1 at 36-37.) Specifically, the Arbitral Tribunal found Galilea and Mr. Kittler failed to establish that they communicated to Pantaenius, or any person working for Pantaenius, a specific request for expanded insurance coverage. (*Id.* at 34.) Therefore, the Arbitral Tribunal determined Galilea and Mr. Kittler were not entitled to coverage for the grounding of the *Galilea*. (*Id.* at 37.) The Broker Defendants were not parties to the New York arbitration proceedings.

On June 20, 2019, Galilea and Mr. Kittler filed a Petition to Vacate the Arbitration Award in the United States District Court for the Southern District of New York. *See Galilea, LLC v. AGCS Marine Insurance Company*, Case No. 19-cv-5768-VEC, Docket No. 1 (S.D.N.Y June 20, 2019).[2] That action is currently pending. The Arbitration Award, therefore, has not been confirmed.

## II. DISCUSSION

### A. The Insurer Defendants' Motion to Dismiss and/or Stay

The Insurer Defendants first argue that all claims pursued by Mrs. Kittler individually should be dismissed for lack of standing. They argue Galilea is the real party in interest, and that Mrs. Kittler has no standing to personally assert

---

[2] The Court takes judicial notice of the record from the United States District Court for the Southern District of New York pursuant to Fed. R. Evid. 201.

claims for damage to property owned by the LLC. The Insurer Defendants further point out that Galilea has already pursued its claims against them in the arbitration proceedings. The Insurer Defendants also argue Mrs. Kittler's individual claims each fail as a matter of law. Alternatively, the Insurer Defendants argue this action should be stayed pending the outcome of the arbitration in New York because Mrs. Kittler seeks the same alleged damages as Galilea and Mr. Kittler seek in the arbitration.

Plaintiffs respond that Mrs. Kittler has standing to assert claims against the Insurer Defendants. Plaintiffs further argue this action should not be stayed because it does not overlap with the arbitration proceedings.

### B. Pantaenius' Motion to Dismiss and/or Stay

Pantaenius likewise argues Mrs. Kittler's individual claims should be dismissed for lack of standing. In addition, Pantaenius argues both Mrs. Kittler and Galilea's joint claims fail because they are based on an inaccurate characterization that Pantaenius acted as Plaintiffs' insurance broker. Pantaenius cites to declarations the Kittlers filed in *Galilea I*, in which they both stated: "I also did not engage the services of an insurance broker in conjunction with Galilea, LLC's application for and purchase of the subject insurance policy." (Docs. 7-13; 7-14.) Pantaenius states that it was actually an agent of the Insurer Defendants, and was not Plaintiffs' insurance broker.

6

In the alternative, Pantaenius requests this action be stayed pending the conclusion of the New York arbitration.

Plaintiffs counter that Pantaenius' arguments inappropriately rely on materials outside of the pleadings. Plaintiffs further argue a stay is inappropriate because the Broker Defendants are not parties to the New York arbitration.

**C.      Stay Pending the Resolution of the Arbitration Proceedings is Appropriate**

"A stay is not a matter of right…. It is instead 'an exercise of judicial discretion' … [that] 'is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 671-73 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. Traditionally, four factors are assessed in determining whether to stay proceedings: 1) whether the party seeking a stay has made a strong showing that it is likely to succeed on the merits; 2) whether the movant will be irreparably injured if a stay is not imposed; 3) whether a stay will substantially injure other parties interested in the proceedings; and 4) where the public interest lies. *Nken*, 556 U.S. at 434.

Here, the Court finds a stay is appropriate. First, Mrs. Kittler's remaining individual claims against the Insurer Defendants in this case are identical to the counterclaims asserted by Galilea and Mr. Kittler in the arbitration proceedings.

7

*Compare* Doc. 1 (Count X - promissory estoppel; Count XI - equitable estoppel; Count XII - breach of fiduciary duty; Count XIII - negligent misrepresentation; and Count XIV – constructive fraud); *with* Doc. 4-1 (Count IV – promissory estoppel; Count V – equitable estoppel; Count VII – fiduciary duty; Count IX – negligent misrepresentation; and Count X – constructive fraud). The Arbitral Tribunal has issued an Arbitration Award resolving the claims in the Insurer Defendants' favor, which tends to support the Defendants' argument that they will likely succeed on the merits here. (*See* Doc. 41-1.) But Galilea and Mr. Kittler are presently challenging the Arbitration Award in the Southern District of New York. *See Galilea, LLC v. AGCS Marine Insurance Company*, Case No. 19-cv-5768-VEC (S.D.N.Y June 20, 2019). Therefore, at the present time, the Arbitration Award is not final.

Second, although the Broker Defendants were not parties to the New York arbitration proceedings, Plaintiffs' claims against the Broker Defendants are based on the same underlying facts and circumstances as the counterclaims in the arbitration. Plaintiffs also allege the same "damages in excess of $1,566,500" as Galilea claimed in the arbitration. Further, the Arbitral Tribunal has made factual findings that directly relate to Plaintiffs' claims against the Broker Defendants. For example, Plaintiffs allege in this case that they "requested that the Broker Defendants assist in acquiring appropriate insurance coverage for the *Galilea*," and

8

they assert they communicated to the Broker Defendants that the *Galilea* was sailing in the Caribbean toward the Panama Canal, on the way to its destination in the San Diego area. (Doc. 1 at ¶¶ 19, 46.) But the Arbitral Tribunal found the Kittlers:

> Have not established by a preponderance of the evidence, that they made the following communications to Pantaenius or to any person working for Pantaenius:
>
> 1. That the *Galilea* was undertaking or attempting to undertake a journey from the east coast of Florida through the Caribbean, along the coast of South America, through the Panama Canal, up the coast of Central America and Mexico to San Diego.
> 2. That insurance coverage for such voyage was being sought or was requested.

(Doc. 41-1 at 34.) The Arbitral Tribunal also found "in 2015 the Kittlers decided not to avail themselves of the services of an insurance broker as they sought insurance coverage for their yacht." (*Id.* at 28.)

The Supreme Court of the United States has described § 2 of the Federal Arbitration Act as reflecting a "liberal federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). That policy favors staying this action until the New York arbitration, which involves all of the same claims and underlying facts at issue in this case, has been finalized. Firm resolution of the arbitration proceedings and confirmation of the Arbitration Award will likely guide the Court's decision here. The Insurer Defendants have indicated they intend to file a motion to dismiss regarding the res judicata and/or

collateral estoppel effect of the Arbitration Award. In light of the fact Galilea and Mr. Kittler have filed a Petition to Vacate the Arbitration Award, however, the finality of the arbitration has yet to be determined. Therefore, depending on the outcome of the proceedings in the Southern District of New York, it is possible the claims in this case may be rendered moot. *See e.g. C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (noting "[a]n arbitration decision can have res judicata or collateral estoppel effect"). Further, if the Court were to proceed in this action before the Arbitration Award is confirmed, there is a potential for inconsistent findings on the merits of the parties' claims and defenses. Consistent judgments favor not only both parties, but also the public interest.

Additionally, the Plaintiffs have not alleged or presented any evidence to suggest that they, or any other interested party, will be substantially injured by a stay.

Accordingly, in the interest of judicial economy and the exercise of the Court's discretion, the Court finds this case should be stayed pending the outcome of the proceedings in the Southern District of New York.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Insurer Defendants' Motion to Stay (Doc. 2) and Pantaenius' Motion to Stay (Doc. 6) are

**GRANTED** and this action is **STAYED**[3] pending the outcome of the Petition to Vacate the Arbitration Award in the Southern District of New York, and any subsequent arbitration proceedings that may occur.

**IT IS FURTHER ORDERED** that within fourteen (14) days after the conclusion of proceedings before the Southern District of New York in *Galilea, LLC v. AGCS Marine Insurance Company*, Case No. 19-cv-5768-VEC (S.D.N.Y June 20, 2019), the parties shall file a Status Report.

**IT IS ORDERED**.

DATED this 26th day of August, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

---

[3] Because the motions to stay this action are "not dispositive of either the case or any claim or defense within it," the Court has authority to determine the motions under 28 U.S.C. § 636(b)(1)(A). *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013) (holding that where a motion to stay civil proceedings does not result in the denial of any relief sought, then the matter is nondispositive, and the motion may be resolved by an order issued by a magistrate judge).