IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GALILEA, LLC and TAUNIA KITTLER, | CV 18-131-BLG-SPW-TJC |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| PANTAENIUS AMERICAN LIMITED, ANDREA M. GIACOMAZZA, AGCS MARINE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, and TORUS INSURANCE COMPANY, | |
| Defendants. | |

Plaintiffs Galilea, LLC ("Galilea") and Taunia Kittler ("Mrs. Kittler") bring this action against Defendants Pantaenius America Limited ("Pantaenius"), AGCS Marine Insurance Company, Liberty Mutual Insurance Company, and Torus Insurance Company (the "Insurer Defendants") (collectively "Defendants").[1]   In the Complaint, Plaintiffs assert seven counts against Pantaenius relating to whether it properly procured insurance as requested by Plaintiffs (Counts I-VII), and Mrs.

---

[1] Plaintiff also brought claims against Andrea M. Giacomazza, which have been dismissed.  (Doc. 57.)

1

Kittler brings five[2] counts individually against the Insurer Defendants relating to the denial of insurance coverage for loss of the sailing yacht *Galilea* (Counts X-XIV).  (Doc. 1.)

Presently before the Court are Pantaenius and the Insurer Defendants' Motions for Summary Judgment.  (Docs. 51, 52.)  For the reasons which follow, the Court recommends the motions be **GRANTED**.

## I.    BACKGROUND

Galilea, LLC is a Nevada limited liability company that was formed by Chris and Taunia Kittler for the purpose of owning a 60-foot sailing yacht, the *Galilea*.  (Doc. 1 at ¶ 1.)  The Kittlers are the sole members of Galilea, LLC.  (*Id.*)

The Insurer Defendants are the insurance companies who provided the coverage under the insurance policy at issue in this case.  (*Id.* at ¶ 5-7.)  Pantaenius is an insurance company that specializes in obtaining and administering yacht insurance policies, and acts as an agent for the insurance underwriters.  (*Id.* at ¶3; *Galilea, LLC v. AGCS Marine Ins. Co.*, 879 F.3d 1052, 1054 (9th Cir. 2018).)  Andrea Giacomazza is employed by Pantaenius.  (*Id.* at ¶ 4.)

In May 2015, the Kittlers were sailing the *Galilea* in the Caribbean on a course for the Panama Canal.  (*Id.* at ¶ 12.)  Their destination was a marina in San

---

[2] Mrs. Kittler initially brought seven claims against the Insurer Defendants, but two of the claims (Counts VIII and IX) have since been dismissed.  (Doc. 38.)

Diego, California, which was to be the *Galilea's* home port.  (*Id.*)  At the time, the

Kittlers where evaluating potential new insurers for the yacht.  (*Id.* at ¶ 13.)  Chris

Kittler researched Pantaenius online.  (*Id.*)

On May 7, 2015, Chris Kittler completed a basic questionnaire and

submitted it to Pantaenius.  (*Id.* at ¶ 14.)  The Kittlers subsequently communicated

with Giacomazza of Pantaenius by telephone about purchasing a policy.  (*Id.* at ¶

19.)  Plaintiffs allege they told Giacomazza they were sailing in the Caribbean at

that time, with the destination of San Diego via the Panama Canal, and that

submitting a hard copy of the insurance application would require them to stop in

Puerto Rico to purchase a printer/scanner.  (*Id.*)  They allege Giacomazza did not

advise them that there would be no insurance coverage until the *Galilea* neared or

reached San Diego.

On May 12, 2015, Taunia Kittler emailed an application for yacht insurance

to Pantaenius, after purchasing the printer/scanner in Puerto Rico.  (*Id.* at ¶ 21.)

Pantaenius issued an insurance binder providing preliminary coverage on May 13,

2015, and the formal insurance policy was issued a day later.  (*Id.* at ¶¶ 22-24.)

On June 24, 2015, the yacht ran ashore off the coast of Panama, and

was deemed a complete loss.  (*Id.* at ¶¶ 31, 33-34.)  Chris Kittler submitted a

claim for insurance coverage the same day.  (*Id.* at ¶ 35.)  The Insurer

Defendants denied coverage on the basis that the accident occurred outside of the cruising area identified in the policy.  (*Id.* at ¶ 38.)

After Galilea requested that the Insurer Defendants reconsider the coverage denial, the Insurer Defendants initiated arbitration proceedings in New York.  (Doc. 5-1.)  In response, Galilea filed an action in this Court against the Insurer Defendants.  *See Galilea v. AGCS Marine Ins. Co.*, Case No. 15-cv-84-SPW, Docket No. 1 (D. Mont. August 28, 2015) ("*Galilea I*").  Ultimately, United States District Judge Susan P. Watters granted the Insurer Defendants' motion to compel arbitration in its entirety and dismissed the case.  *Galilea I*, Case No. 15-cv-84-SPW, Docket No. 50 (D. Mont. Feb. 9, 2018).

Subsequently, on April 23, 2018, Galilea asserted counterclaims in the arbitration proceedings.[3]  (Doc. 54-7.)  The counterclaims were nearly identical to the claims Galilea had alleged against the Insurer Defendants in *Galilea I*.  (*Compare Galilea I*, Case No. 15-cv-84-SPW, Docket No. 1 *with* Doc. 54-7.)

On June 22, 2018, Plaintiffs filed the instant action.  (Doc. 1.)  Mrs. Kittler's claims against the Insurer Defendants in Counts X-XIV in this case are substantially identical to the counterclaims that Galilea and Mr. Kittler asserted in

---

[3] Mr. Kittler also joined the arbitration as an additional party.  (Doc. 4 at ¶¶ 4, 7.)

the arbitration proceedings.  (*Compare* Doc. 1 at ¶¶ 97-127 *with* Doc. 54-7 at ¶¶ 46-54, 59-70, 77-81, 85-98.)  Plaintiffs also brought claims against Pantaenius for the first time.  (Doc. 1.)  But Plaintiffs' claims against Pantaenius are based on the same nucleus of facts as the counterclaims in the arbitration proceedings.

On April 9, 2019, Defendants filed a Notice of Final Arbitration Award with this Court, indicating the arbitration proceedings in New York had concluded. (Doc. 41.)  The New York Arbitral Tribunal ruled: 1) all counterclaims made by Galilea and Mr. Kittler under the policy were denied with prejudice; 2) the policy was void *ab initio* due to Galilea and Mr. Kittler's failure to disclose previous *Galilea* insurance claims; and 3) Galilea and Mr. Kittler did not establish by a preponderance of the evidence that they notified the Insurer Defendants of their specific insurance requirements.  (Doc. 41-1 at 36-37.)  Specifically, the Arbitral Tribunal found Galilea and Mr. Kittler failed to establish that they communicated to Pantaenius, or any person working for Pantaenius, a specific request for expanded insurance coverage.  (*Id.* at 34.)  Therefore, the Arbitral Tribunal determined Galilea and Mr. Kittler were not entitled to coverage for the grounding of the *Galilea*.  (*Id.* at 37.)  Pantaenius was not a party to the New York arbitration proceedings.

On June 20, 2019, Galilea and Mr. Kittler filed a Petition to Vacate the Arbitration Award in the United States District Court for the Southern District of

New York. *See Galilea, LLC v. AGCS Marine Insurance Company*, Case No. 19-cv-5768-VEC, Docket No. 1 (S.D.N.Y June 20, 2019).[4]  Thereafter, this Court stayed this litigation pending the outcome of the Petition to Vacate.  (Doc. 43.)

The Southern District of New York denied the Petition to Vacate the Arbitration Award.  (Doc. 54-2.)  The Court further ordered Galilea and Mr. Kittler to pay $59,340 as reimbursement of fees and expenses associated with the arbitration proceeding.  (*Id.*)  Neither Galilea nor Mr. Kittler filed an appeal.  Subsequently, the judgment from the Southern District of New York was registered in this Court.  *See Galilea v. AGCS Marine Ins. Co.*, Case No. 20-mc-03-SPW-TJC, Docket No. 1 (D. Mont. March 2, 2020).  On November 2, 2020, the Insurer Defendants filed a Notice of Satisfaction of Judgment, indicating the judgment had been paid and satisfied.  (*Id.* at Doc. 2.)

The Insurer Defendants and Pantaenius now move for summary judgment based on res judicata and/or collateral estoppel.  (Docs. 51 and 52.)  To date, Plaintiffs have not filed any opposition to the pending motions for summary judgment.

/ / /

/ / /

---

[4] The Court takes judicial notice of the record from the United States District Court for the Southern District of New York pursuant to Fed. R. Evid. 201.

## II.   LEGAL STANDARDS

A court will grant summary judgment if the movant can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden to submit evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are those which may affect the outcome of the case.  *Anderson*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party.  *Id*.  If the movant meets its initial responsibility, the burden shifts to the nonmoving party to establish a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## III.   DISCUSSION

Defendants argue the final Arbitration Award justifies summary judgment in their favor under principles of res judicata.  Defendants argue that in light of the final Arbitration Award, Plaintiffs should be precluded from relitigating the same claims and issues that were decided by the Arbitral Tribunal.

As an initial matter, the Court notes Plaintiffs failed to respond to Defendants' Motions for Summary Judgment.   Plaintiffs failure may be deemed an admission that no material facts are in dispute.  Local Rule 56.1(d); *Ctr. Cap.*

*Corp. v. Pottorff*, 2009 WL 10678127, at *2 (D. Mont. Dec. 15, 2009).  The Court, however, may not grant summary judgment "simply because a party fails to file an opposition or violates a local rule." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010).  Rather, the Court must "analyze the record to determine whether any disputed material fact [is] present."  *Id.  See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir.2003) ("[A] nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate it is entitled to judgment as a matter of law.").  Thus, even in the absence of a response from the non-moving party, the moving party still bears the burden of demonstrating its entitlement to judgment as a matter of law. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

Here, the record before the Court does not reveal any genuine issues of material fact.  Further, the Court finds the Insurer Defendants and Pantaenius have carried their burden to establish their entitlement to judgment as a matter of law.

## A.    Admiralty Jurisdiction and Application of Federal Law

Defendants assert this case falls within the admiralty jurisdiction of the Court, and therefore the preclusive effect of the final Arbitration Award should be determined under federal law.  In the Complaint, Plaintiffs allege jurisdiction based on diversity, and do not reference admiralty jurisdiction.  (*See* Doc. 1.)

8

Nevertheless, the Court agrees with Defendants that this case falls properly falls under the Court's admiralty jurisdiction under 28 U.S.C. § 1333.

This Court and the Ninth Circuit previously determined the underlying controversy concerning the insurance coverage for the *Galilea* fell within federal admiralty jurisdiction.   In *Galilea I*, the Court held that although Galilea had asserted diversity jurisdiction, the Court had admiralty jurisdiction over the case. *Galilea I*, 2016 WL 754221 at *2-3.  The Court explained the insurance policy (which is the same policy at issue in this case) "is a marine insurance policy, therefore it is a maritime contract subject to federal maritime jurisdiction." *Id.* at *3.  The Ninth Circuit affirmed.  *Galilea I*, 879 F.3d at 1057-58.

Likewise, the Court has admiralty jurisdiction over this case.  This action concerns the procurement of a marine insurance policy for the *Galilea*, the grounding of the vessel while it was being navigated off the coast of Panama, and the declination of coverage under the policy.  *See e.g. Galilea I*, 879 F.3d at 1058 (noting "a dispute concerning a maritime insurance policy comes within federal admiralty jurisdiction"); *Rivera v. Atlass Ins. Grp. of Fla., Inc.*, 2010 WL 183934, *4 (D. P.R. Jan. 13, 2010) (holding claims for breach of contract to procure marine insurance are within admiralty jurisdiction).

In an admiralty case, federal principles of claim preclusion apply.[5]  *Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1120 (9th Cir. 2004).  Under federal law, arbitration decisions can have preclusive effect.  *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) ("A judgment confirming an arbitration award is treated similarly to any other federal judgment."); Restatement (Second) of Judgments § 84 (1982) ("[A] valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court."); *Greenblatt v. Drexel Burnham Lambert,*

---

[5] Alternatively, even if jurisdiction is deemed based on diversity, Plaintiffs' claims would be barred under the applicable state law.  The Ninth Circuit recently held that "when a federal court sitting in diversity confirms an arbitration award, the preclusion law of the state where that court sits determines the preclusive effect of the arbitral award.  *NTCH-WA, Inc. v. ZTE Corporation*, 921 F.3d 1175, 1180 (9th Cir. 2019).  Here, the Southern District of New York confirmed the arbitration award.  Under New York law, claim preclusion applies when a prior proceeding (1) resulted in a judgment on the merits, (2) arose out of the same transaction or occurrence as the claim to be precluded, and (3) was between the same parties or their privies as the current proceeding.  *Landau v. LaRossa, Mitchell & Ross*, 892 N.E.2d 380, 383 (N. Y. 2008).  Issue preclusion under New York law "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same."  *Ryan v. New York Tel. Co.*, 467 N.E.2d 487, 490 (N. Y. 1984).  The elements of issue preclusion are (1) the issue was necessarily decided in the prior action and (2) the party against whom preclusion is invoked had a full and fair opportunity to contest the issue.  *Allied Chem. v. Niagara Mohawk Power Corp.*, 528 N.E.2d 153, 155 (N.Y. 1988).  As discussed below, the elements for both claim preclusion and issue preclusion, which are the same as under federal law, are satisfied in this case.

*Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985) ("An arbitration decision can have res judicata or collateral estoppel effect,"); *Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576, 585 (1st Cir. 1995) ("[W]hen a federal district court enters a judgment confirming an arbitration award pursuant to the Federal Arbitration Act, that judgment has res judicata effect as to all matters adjudicated by the arbitrators and embodied in their award.").

Here, the proceedings before the Arbitral Tribunal afforded "basic elements of adjudicatory procedure, such as an opportunity for presentation of evidence[.]" *Greenblatt*, 763 F.2d at 1360. The arbitration panel conducted three days of hearings, from December 12 to 14, 2018. (Doc. 54-1 at 9.) The parties presented evidence and testimony from six witnesses, including Andrea Giacomazza, Thomas Mullady, the claims adjuster who handled the claim at Pantaenius, Robert Blumer of Clear Choice Unified Communications, and Mr. and Mrs. Kittler and their son, Basil Kittler. (*Id.*) The panel also received post-hearing briefs. (*Id.* at 10.) Accordingly, the Court may consider whether the determination of the issues in the arbitration proceeding should be treated as conclusive in this action.

### B.    Claim Preclusion

The Ninth Circuit recently clarified the appropriate terminology regarding principles of res judicata. The Court explained:

> The terms "claim preclusion" and "issue preclusion" "have replaced a
> more confusing lexicon. Claim preclusion describes the rules formerly

> known as 'merger' and 'bar,' while issue preclusion encompasses the
> doctrines once known as 'collateral estoppel' and 'direct estoppel.'
> " *Taylor v. Sturgell*, 553 U.S. 880, 892 n.5, 128 S.Ct. 2161, 171
> L.Ed.2d 155 (2008). The term "res judicata" refers "collectively" to
> claim and issue preclusion. *Id.* at 892, 128 S.Ct. 2161. For clarity, we
> use the terms "claim preclusion" and "issue preclusion," and we are
> concerned here with the former.

*NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1178 n.1 (9th Cir. 2019). Claim

preclusion "bars litigation in a subsequent action of any claims that were raised or

could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123

F.3d 1189, 1192 (9th Cir. 1997). For claim preclusion to apply, there must be "1)

an identity of claims, 2) a final judgment on the merits, and 3) identity or privity

between parties." *Id. See also Owens v. Kaiser Found. Health Plan, Inc.,* 244

F.3d 708, 713 (9th Cir. 2001).

> a.    **Identity of Claims**

"The central criterion in determining whether there is an identity of claims

between the first and second adjudications is 'whether the two suits arise out of the

same transactional nucleus of facts.'" *Owens*, 244 F.3d at 714 (9th Cir. 2001)

citing *Frank v. United Airlines, Inc.,* 216 F.3d 845, 851 (9th Cir.2000).

Here, Plaintiffs' claims against the Insurer Defendants mirror the

counterclaims that were asserted in the arbitration. *Compare* Doc. 1 at ¶¶ 97-127

(Count X - promissory estoppel; Count XI - equitable estoppel; Count XII - breach

of fiduciary duty; Count XIII - negligent misrepresentation; and Count XIV –

constructive fraud); *with* Doc. 54-7 at ¶¶59-70, 77-81, 85-98) (Count IV –

promissory estoppel; Count V – equitable estoppel; Count VII – fiduciary duty;

Count IX – negligent misrepresentation; and Count X – constructive fraud).

Because the present claims against the Insurer Defendants are identical to the

claims in the arbitration, the first element of claim preclusion is satisfied as to the

Insurer Defendants.

Similarly, Plaintiffs claims against Pantaenius in this action arise from the

same transactional nucleus of facts as the claims in the arbitration; namely,

whether the Insurer Defendants and/or Pantaenius failed to procure a policy for the

*Galilea* that would cover grounding off the coast of Panama.

In the arbitration, Galilea and Mr. Kittler argued the Insurer Defendants

were under a duty to procure or provide coverage for the vessel during the voyage

through the Panama Canal.  They further argued that the Insurer Defendants were

liable for the wrongful or negligent acts of Pantaenius for not providing their

specific request for coverage.  The Arbitral Tribunal rejected the argument and

ruled that Galilea and the Kittlers did not make a specific request for coverage for

the Caribbean or for transiting the Panama Canal "to Pantaenius or any person

working for Pantaenius."  (Doc. 54-1 at 36.)  The Tribunal further determined

Pantaenius did not act as the Kittler's insurance broker, rather the Kittlers acted

13

independently and "without the assistance of a broker" in procuring the insurance policy.  (*Id.* at 37.)

As such, the Arbitral Tribunal necessarily decided whether Pantaenius breached a duty to procure insurance (Count I), negligently sold a policy that was not appropriate for Plaintiffs' requests and requirements (Count III), or is liable for breach of fiduciary duty (Count II), promissory estoppel (Count IV), equitable estoppel (Count V), negligent misrepresentation (Count VI) or constructive fraud (Count VII).  Accordingly, the first element of claim preclusion is also satisfied as to Plaintiffs' claims against Pantaenius.

### b.     Final Judgment

The Arbitral Tribunal ruled all of the counterclaims were denied, the insurance policy was void *ab initio*, there was no duty to procure insurance that would have covered the vessel in the Caribbean or Panama Canal transit, and as a result there was no coverage for the grounding of the *Galilea*.  (Doc. 54-1 at 38.) The Southern District of New York confirmed the Arbitration Award.  (Doc. 54-2.)

"A federal-court order confirming an arbitration award has 'the same force and effect' as a final judgment on the merits, 9 U.S.C. § 13, including the same preclusive effect."  *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019).  The final Arbitration Award, therefore, is a final judgment on the merits for purposes of preclusion.  As such, the second element of claim preclusion is met.

14

### c.   Identity or Privity Between Parties

"[T]he doctrine of privity extends the conclusive effect of a judgment to nonparties who are in privity with parties in an earlier action." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).   Privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) citing *Schimmels,* 127 F.3d at 881.  "The person being estopped from relitigating an issue must have been either a party to the prior lawsuit or have been so closely related to the interest of the party to be fairly considered to have had his day in court." *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir. 1983).   Federal courts have recognized several relationships as sufficiently close to justify preclusion, including where 1) a non-party had control over the prior litigation, 2) a nonparty was adequately represented in the prior proceeding by someone with the same interests who was a party, or 3) where a non-party had a significant interest and participated in the prior action. *Schimmels,* 127 F.3d at 881.  In addition, the Ninth Circuit has held that privity may be found between a close corporation and its sole or controlling stockholder. *Gottheiner*, 703 F.2d at 1140.

Here, there is identity for Galilea because it was a party to both the arbitration and this action.

15

As for Mrs. Kittler, the Court finds her interests were adequately represented in the arbitration to justify extending the preclusive effect of the final Arbitration Award to her.  It is undisputed that Mrs. Kittler is one of only two members of Galilea.  (Docs. 54-8 at 8, 54-15 at ¶ 1.)  As such, it is presumed that in any litigation involving the company, she has sufficient commonality of interest. *Gottheiner*, 703 F.2d at 1140 ("When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest.").  Moreover, as a member of Galilea, Mrs. Kittler had at least some control over the arbitration.  Her interests were also the same as those of Mr. Kittler and Galilea, namely, to obtain payment under the insurance policy for the damage to the vessel.  These interests were represented by Mr. Kittler and the company.  Mr. Kittler and Galilea had a full opportunity to present evidence and witnesses, including cross examining Pantaenius' employees.  Further, Mrs. Kittler participated in the arbitration.  She not only testified as a witness, she was permitted to attend the entire three-day arbitration and to fully participate in the proceedings as a representative of Galilea.  (Docs. 54-8, 54-9, 54-10.)

Accordingly, the Court finds there is sufficient commonality of interest between Mrs. Kittler and the parties to the arbitration to support a finding of privity.

16

### C.      Issue Preclusion

Alternatively, the Court finds Plaintiffs' claims in this action are precluded by the doctrine of issue preclusion.  Issue preclusion "prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988.) Issue preclusion applies "where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007).

### a.      Identity of Issues

As the Court has previously noted, although Pantaenius was not a party to the arbitration, Plaintiffs' claims against it in this case are based on the same underlying facts and circumstances as the counterclaims in the arbitration. Further, the Arbitral Tribunal made factual findings that directly relate to Plaintiffs' claims against Pantaenius.

Specifically, in the arbitration, Galilea and Mr. Kittler argued Pantaenius was the agent of, and acted on behalf of the Insurer Defendants.  (Doc. 54-7 at ¶ 7.) They further argued the Insurer Defendants were liable for the wrongful or

17

negligent acts or misrepresentations of Pantaenius, including an alleged breach of the "duty to procure" insurance for the voyage through the Panama Canal as requested.  (Doc. 54-8 at 10-11.)  Likewise, here, Plaintiffs allege that they "requested that [Pantaenius] assist in acquiring appropriate insurance coverage for the *Galilea*," and they assert they communicated to Pantaenius that the *Galilea* was sailing in the Caribbean toward the Panama Canal, on the way to its destination in the San Diego area.  (Doc. 1 at ¶¶ 19, 46.)

After hearing evidence and witness testimony, the Arbitral Tribunal determined the Kittlers:

> Have not established by a preponderance of the evidence, that they made the following communications to Pantaenius or to any person working for Pantaenius:
>
> 1. That the *Galilea* was undertaking or attempting to undertake a journey from the east coast of Florida through the Caribbean, along the coast of South America, through the Panama Canal, up the coast of Central America and Mexico to San Diego.
> 2. That insurance coverage for such voyage was being sought or was requested.

(Doc. 54-1 at 36.)  The Arbitral Tribunal also found "in 2015 the Kittlers decided not to avail themselves of the services of an insurance broker as they sought insurance coverage for their yacht" and they "act[ed] independently in procuring the Pantaenius Insurance Policy from Pantaenius."  (*Id.* at 30, 31.)

Accordingly, the Arbitral Tribunal has already determined the issues that Plaintiffs seek to relitigate here, including whether Pantaenius acted as their

insurance broker and failed to procure a policy for the *Galilea* that would have

covered the yacht off the coast of Panama.  Further, Plaintiffs cannot prevail in this

action without relitigating issues that were determined by the Arbitral Tribunal

regarding the Insurer Defendants, such as whether the policy was void *ab initio* by

virtue of Galilea and Mr. Kittler failing to comply with their duty of disclosure,

and whether the Kittler's made a specific request for coverage outside of the

cruising area identified in the policy.

The Court, therefore, finds the first element of issue preclusion is satisfied.

### b.    Final Judgment and Identity or Privity Between Parties

As discussed above with regard to claim preclusion, the final Arbitration

Award is a final judgment on the merits, and there is privity between the parties.

Accordingly, the second and third elements for issue preclusion are met.

In summary, all of Plaintiffs' claims that have been raised in this litigation

have already been raised and thoroughly addressed by and through the arbitration

proceeding in New York.  The Court finds that the elements for claim preclusion

and issue preclusion are satisfied here.  Plaintiffs' claims in Counts I-VII and X-

XIV are therefore barred by the doctrine of res judicata and should not be

relitigated in this Court.  Accordingly, the Insurer Defendants and Pantaenius are

entitled to summary judgment.

/ / /

## IV.    CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Insurer

Defendants' Motion for Summary Judgment (Doc. 51) and Pantaenius' Motion for

Summary Judgment (Doc. 52) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy

of the Findings and Recommendations of United States Magistrate Judge upon the

parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

**IT IS ORDERED**.

DATED this 14th day of April, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge